## IN THE UNITED STATES DISTRCIT COURT OF KANSAS

| | |
|---|---|
| STEVEN E. WRIGHT )<br>    2201 E. Macarthur #H-1 )<br>    Wichita, KS 67216 )<br>        Plaintiff, )<br>    )<br>v.    )<br>    )<br>AMBASSADOR PERSONNEL, INC. )<br>    406 S. Broad Street )<br>    Thomasville, GA 31792 )<br>    Serve Registered Agent at: )<br>    <u>112 SW 7th Street, Suite 3C</u> )<br>    Topeka, KS 66603 )<br>    )<br>And )<br>    )<br>FLOWERS SPECIALTY FOODSERVICE )<br>    SALES, LLC )<br>    1919 Flowers Circle )<br>    Thomasville, GA 31757 )<br>    Serve Registered Agent at: )<br>    2900 SW Wanamaker Dr., Suite 204 )<br>    Topeka, KS 66614 )<br>        Defendant. ) | **JURY TRIAL DEMANDED** |

## **COMPLAINT**

      COMES NOW, Plaintiff, STEVEN WRIGHT ("Plaintiff or Wright") by and through counsel, and for his cause of action against AMBASSADOR PERSONNEL, INC. ("Ambassador") and FLOWERS SPECIALTY FOODSERVICE SALES, LLC ("Flowers") ("collectively Defendants") on claims of discrimination. Plaintiff seeks compensatory and punitive damages against Defendant states as follows:

### **NATURE OF THE ACTION AND SUMMARY OF ALLEGATIONS**

      1.    Plaintiff brings this action against Defendants for discriminatory, retaliatory, and other unlawful conduct in employment pursuant to Title VII of the Civil Rights Act of 1964, as amended, <u>42 U.S.C. §1981</u> (Civil Rights Act of 1866), as amended ("§1981") 42 U.S.C. 2000e *et*

*seq.* ("Title VIl"), 29 U.S.C. §§ 621 *et seq*. ("ADEA"), as result of Defendants: a) unlawful denial of Mr. Wright employment opportunities based on his race; b) unlawfully denying Mr. Wright employment opportunities based on his disability; c) retaliation for reporting wrongful conduct; and d) engaging in other related unlawful acts, conduct, and practices.  Mr. Wright also brings claims for retaliatory discharge.

2. Mr. Wright was also subjected to a racially hostile work environment and disparate treatment.

3. The acts, conduct, and practices which form the basis for this action have resulted in Defendant discriminating against Mr. Wright on the basis of his disability and race with respect to the terms, conditions, and privileges of his employment, and, the procedure or manner in which Defendant have evaluated Mr. Wright's qualifications for continued employment opportunities has resulted in prohibited disability and race discrimination.

4. The related acts, conduct and practices of Defendants are a violation of Title VIl, § 1981, and the ADA.

5. The unlawful conduct of Defendant, which deprived Mr. Wright of his employment and directly resulted in the significant loss of financial compensation and other benefits which he would. have earned and been entitled to.

6. Defendants' decision to terminate Mr. Wright's employment was pretext for unlawful disability and race discrimination; and retaliation.

7. In violation of Title VII, and the ADA, Defendant has repeatedly and continuously retaliated against Mr. Wright for engaging in protected activity, such as but not limited to, his reporting unsafe conditions of the facility and a workplace injury to management.

8. The related acts, conduct and practices of Defendants are a violation of Title VII, §1981, ADA and Kansas common law.

9. The unlawful conduct of Defendant, which deprived Mr. Wright of his employment and directly resulted in the significant loss of financial compensation and other benefits which he would. have earned and been entitled to but for the discrimination and retaliation alleged in this complaint.

10. Defendants' decision to terminate Mr. Wright employment was pretext for unlawful discrimination and retaliation.

11. Defendants actions also are in violation of Kansas common law prohibiting discharge or discrimination against any employee.

## Parties, Jurisdiction and Venue

12. STEVEN E. WRIGHT ("Mr. Wright or Plaintiff") resides at 2201 E. Macarthur #H-1, Wichita, Sedgwick County, Kansas. He is African American.

13. Mr. Wright was employed at AMBASSADOR PERSONNEL, located at 2118 w. Harry St., Wichita, Sedgwick County, Kansas, a division or subsidiary of FLOWERS SPECIALTY FOODSERVICE SALES, LLC ("Flowers") whose headquarters are located in Thomasville, Georgia. Defendants are national corporations with facilities located all over the country, including in Wichita, Kansas. Therefore, Defendant has sufficient contacts with this state for the Court to exercise personal jurisdiction in this matter.

14. At all times during Plaintiff's employment, Defendants were an "employer" as defined by § 1981, and the ADA.

15. At all times during Plaintiff's employment, Defendants were an "employer" as defined by the KAAD, specifically K.S.A. § 44-1112(d), because CCA employed four or more persons in Kansas at all times during Plaintiff's employment.

16. At all times during Plaintiff's employment, Ambassador and Flowers was Plaintiff's employer for purposes of the common law of Kansas, and federal law because it controlled all aspects of his employment.

17. Ambassador treated Plaintiff as an employee as it related to taxes, unemployment, workers' compensation, and compensation.

18. This Court has jurisdiction over the claims set out in this complaint under 28 U.S.C. §1331 because Plaintiff's claims under Section 1981, arise under federal law.

19. This Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's Kansas law claims because such claims form part of the same case or controversy under Article III of the United States Constitution in that Plaintiff's federal and state law claims derive from a common nucleus of operative facts and they would ordinarily be expected to be tried in one judicial proceeding.

20. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

21. Ambassador is subject to personal jurisdiction in Kansas because Ambassador's conducts substantial and ongoing business in Kansas, and, as alleged herein, committed unlawful discriminatory acts and tortious conduct in Kansas.

22. Mr. Wright seeks recovery in excess of $75,000.00 for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees.

23. Plaintiff filed a charge of discrimination against Ambassador with the Equal Employment Opportunity Commission ("EEOC") on January 7, 2018 regarding claims of race discrimination as well as retaliation and other unlawful acts, conduct, and practices set forth within those charges and arising out of and related to that therein are included with this Complaint.

24. Plaintiff received a Notice of Right to Sue from the EEOC with respect to said charge on August 21, 2018; this action is brought within 90 days of the issuance of said Notice of Right to Sue. (A copy of the right to sue letter is attached as Exhibit A).

25. Plaintiff has exhausted all his administrative remedies with the EEOC.

26. Plaintiff has fully complied with any and all prerequisites to jurisdiction in this Court under Section 1981, Title VII, the ADA, and related law.

## FACTUAL ALLEGATIONS

27. Mr. Wright began his employment with Ambassador in April 2010 as a full-time employee.

28. Plaintiff was employed as a dock worker.

29. Plaintiff's immediate supervisors were Mike Vogel and Guy Mauck, both employees of Flower Foods.

30. Plaintiff was treated adversely by management for what he believed to be racial discrimination.

31. Plaintiff reported the actions of management to the Vice-President of Flower.

32. Plaintiff over the years of his employment incurred numerous injuries due to the rigors of his job duties.

33. Plaintiff asked another employee to assist him with lifting an object due to Plaintiff's inability to lift the object on his own.

34. Plaintiff had witnessed other white employees seeks help from other employees during his employment and Plaintiff engaged in similar if not identical conduct as his white coworkers.

35. On August 8, 2017, Mr. Wright was terminated.

## COUNT I-
### Prohibited Retaliation (in Violation of 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended ("§1981") 42 U.S.C. 2000e *et seq.*)[1]

COMES NOW, the Plaintiff, and for Count I of his cause of action for Retaliation pursuant to 42 U.S.C. 1981 as amended ("§1981") 42 U.S.C. 2000e *et seq.*) states:

36. Plaintiff hereby restates and incorporates by reference, every other paragraph set forth in this Complaint as if fully set forth herein.

37. Mr. Wright engaged in protected activity by reporting discrimination, safety concerns and workplace injuries.

38. Plaintiff raised a complaint of race discrimination and other unlawful conduct with Defendants.

39. Defendants then finalized/ratified the termination of Plaintiff's employment.

40. Defendant retaliated against Plaintiff by ignoring his complaint of discrimination and finalizing and/or ratifying the termination of his employment.

41. Plaintiff's protected activity in opposing discrimination was a motivating factor in Defendant's retaliation.

42. Defendants then opposed Plaintiff's request for employment benefits as a further act of retaliation.

---

[1] Count I was dismissed by this Court pursuant to its Order of Dismissal, Doc. 30 issued January 11, 2018, only to the extent it applies to Title VII and all claims pursuant to §1981 remain intact.

43. Mr. Wright has suffered an adverse employment action as a consequence of his engaging in protected activity.

44. There is a direct causal connection between Mr. Wright's protected activity and the adverse employment action.

WHEREFORE, Plaintiff prays for the Court to find that Defendants have violated 42 U.S.C. 1981 and therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

## COUNT II-
### Prohibited Discrimination (in Violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended ("§1981") 42 U.S.C. 2000e *et seq.*)[2]

COMES NOW, the Plaintiff, and for Count II, of his cause of action for discrimination states:

45. Plaintiff hereby restates and incorporates by reference, every other paragraph set forth in this Complaint as if fully set forth herein.

46. Defendants subjected Mr. Wright to harassment and discrimination including terminating his employment because of Mr. Wright's race.

WHEREFORE, Plaintiff prays for the Court to find that Defendants have violated 42 U.S.C. 1981 *et seq.* and therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

## COUNT III-
### Retaliatory Discharge in violation of Kansas common law

COMES NOW, the Plaintiff, and for Count III, of his cause of action for retaliatory discharge states:

47. Plaintiff hereby restates and incorporates by reference, every other paragraph set forth in this First Amended Complaint as if fully set forth herein.

48. Plaintiff engaged in protected activity by reporting safety issues and workplace injuries to management.

49. Plaintiff acted in good faith when he reported the safety issues and his workplace injuries to management.

50. Plaintiff's conduct constituted protected activity because the public policy of Kansas, as reflected by its statutes, states:

> The secretary of labor shall have power to enter any factory or mill, workshop, private works, public works or state agency or institution, mercantile establishment, laundry or any other place of business where labor is or is intended to be performed for any purpose, when the same are open or in operation, for the purpose of gathering facts and statistics such as are contemplated by this act, and to examine into the methods of protection from danger to employees and the sanitary conditions in and around such buildings and places and to keep a record thereof of such inspection.
> If it shall be found upon such investigation that the methods of operation are such as to be unnecessarily dangerous or injurious to the persons employed or residing therein, or that any other condition which is within the control of the owner, proprietor, agent, administrator or lessee of any such building, establishment or place to be found to be dangerous or injurious to any persons employed therein or to any other person or persons, the secretary or the authorized agent of the secretary after making such inspection shall notify in writing the owner, proprietor, agent, administrator or lessee of such building, establishment, or place. Such notification may also include an order that requires the provisions of such safeguards or safety devices or the making of such alterations or additions or changes in methods of operation or the taking of any other measures the secretary may deem appropriate and necessary for the safety and protection of the employees or other persons endangered by such conditions and the amount of time granted by the secretary for making any such alterations, additions, changes or taking such other methods as required. Such amount of time shall not exceed 60 days after

service of the notice and the order unless an extension thereof is requested for good cause shown by the person named in the order, and such extension is granted by the secretary. K.S.A. § 44-636(a).

      a. A reasonable person would conclude the conduct of Plaintiff reporting injuries under K.S.A. § 44-615 falls within his rights under Kansas law.

      b. By regulating safety and protection of employees in the workplace under K.S.A. § 44-636(a), it is reasonable to believe that this statute is designed to protect the health welfare, and safety of the general population in Kansas.

51. Kansas law also prohibits discharge or discrimination based on reporting such issues and states that is it unlawful for:

any person, firm or corporation to discharge any employee or to discriminate in any way against any employee because of the fact that any such employee may testify as a witness before the secretary of labor, or shall sign any complaint or shall be in any way instrumental in bringing to the attention of the secretary of labor any matter of controversy between employers and employees as provided herein. K.S.A. § 44-615.

52. Plaintiff's act of reporting safety and other workplace issues caused or motivated Defendants to terminate his employment.

53. The termination of his employment caused Plaintiff to suffer damages including emotional distress, frustration, humiliation, past and future lost wages, and lost benefits.

54. Defendants acted intentionally, maliciously, willfully, or with a reckless disregard for Plaintiff's rights and the rights of others in firing Plaintiff, making Defendants liable for punitive damages.

55. The actions and conduct set forth herein were outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others, and therefore Plaintiff is entitled to punitive damages from Defendants, to punish Defendants and to deter Defendants and others from similar conduct.

WHEREFORE, Plaintiff requests a judgment in his favor against Defendants on Count III of his Complaint, which shall include compensatory and punitive damages, pre-judgment and post judgment interest as provided by law, costs expended, and other relief as this Court deems just, proper and equitable.

## COUNT IV
### Prohibited Race Discrimination in Violation of 42 U.S.C. §1981

COMES NOW Plaintiff and for Count VI of his Complaint, his cause of action for prohibited Race Discrimination (in Violation of 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended ("§1981") 42 U.S.C. 2000e *et seq.*) against Defendants alleges and states as follows:

56. Plaintiff hereby restates and incorporates by reference, every other paragraph set forth in this First Amended Complaint as if fully set forth herein.

57. Plaintiff is an African American/black male citizen of the United States.

58. During the course and scope of Plaintiff's employment, Defendants' representatives, agents and employees, acting within the course and scope of their employment, engaged in a pattern of practice of intentional discrimination against Plaintiff based on his race.

59. Despite having no legitimate disciplinary concerns or other performance deficiencies, Defendants terminated Plaintiff's employment on or about August 8, 2017.

60. Plaintiff was hired into and maintained a position in which he was qualified for.

61. Defendant through its representatives, agents and employees engaged in these discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.

62. Plaintiff was not treated equally with regard to Defendant's application of its workplace policies.

63. Defendant's application of its workplace policies in regard to Plaintiff and its

termination of Plaintiff were intentional acts of discrimination based on Plaintiff's race.

64. Plaintiff raised a complaint of discrimination with Defendant.

65. Defendant then finalized/ratified the termination of Plaintiff's employment.

66. Management level employees acting within the course and scope of their employment engaged in intentional discrimination against Plaintiff based on his race.

67. Plaintiff's race was a motivating factor in Defendant's discrimination against him.

68. The actions and conduct set forth herein were outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others, and therefore Plaintiff is entitled to punitive damages from Defendant to punish Defendant and to deter it and others from like conduct.

69. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages including lost wages and emotional distress.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count IV of his Complaint, for a finding that he has been subjected to unlawful discrimination as prohibited by 42 U.S.C. §1981 as amended ("§1981") 42 U.S.C. 2000e *et seq.*); for an award of compensatory and punitive damages; equitable relief; for his costs expended; for his reasonable attorneys' fees and expert's fees; and for such other relief as this Court deems just and proper.

## COUNT V
### Violation of 42 U.S.C. §1981 – Racially Hostile Work Environment

COMES NOW Plaintiff and for Count V of his Complaint, his cause of action for prohibited Race Discrimination and Harassment (in Violation of 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended ("§1981") 42 U.S.C. 2000e *et seq.*) against Defendants alleges and states as follows:

70. Plaintiff hereby restates and incorporates by reference, every other paragraph set forth in this Complaint as if fully set forth herein.

71. During the course and scope of Plaintiff's employment, Defendants' representatives acting within the course and scope of their employment, engaged in a pattern and practice of intentional discrimination and harassment of Plaintiff based on his race, in violation of 42 U.S.C. §1981.

72. The harassment and discrimination had the purpose and effect of unreasonably interfering with Plaintiff's work performance thereby creating an intimidating, hostile and offensive working environment.

73. The actions and conduct of Defendants' representatives acting within the course and scope of employment created an intimidating, hostile and offensive working environment and thereby detrimentally affected Plaintiff.

74. The conduct as described herein would have offended a reasonable person of the same race in Plaintiff's position.

75. Management level employees knew or should have known of the racial discrimination and harassment described herein but failed to take appropriate action to address the discrimination and further failed to implement effective and appropriate procedures to stop and remedy the racial discrimination and harassment.

76. By failing to conduct a prompt investigation of Plaintiff's allegations of race discrimination, Defendant exacerbated the discriminatory and hostile work environment to which Plaintiff was subjected.

77. Plaintiff reasonably believes that evidence will show that the working conditions he was subjected to were sufficiently severe or pervasive under the law and that such conditions altered his job conditions.

78. Defendant through its agents and employees engaged in these discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.

79. The actions and conduct set forth herein were outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others, and therefore Plaintiff is entitled to punitive damages from Defendant, to punish Defendant and to deter Defendant and others from like conduct.

80. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages, including lost wages and emotional distress.

WHEREFORE, Plaintiff prays for judgment against Defendants on Count V of his Complaint, for a finding that he has been subjected to unlawful discrimination and harassment provided by 42 U.S.C. §1981 as amended ("§1981") 42 U.S.C. 2000e *et seq.*) for an award of compensatory and punitive damages; equitable relief; for his costs expended; for his reasonable attorneys' fees and expert fees; and for such other relief as this Court deems just and proper.

### COUNT VI-
### Prohibited Discrimination (in Violation of the Americans with Disabilities Act of 1990 ("ADA"), as Amended, 42 U.S.C. 12101 et seq.)

COMES NOW, the Plaintiff, and for Count VI. of his cause of action for discrimination pursuant to 42 U.S.C. 12101 et seq. states:

81. Plaintiff hereby restates and incorporates by reference, repeats and re-alleges each and every allegation contained in every other Paragraph as if fully set forth herein this Paragraph.

82. Mr. Wright is a disabled person as defined by the ADA.

83. Mr. Wright is and was qualified, with or without reasonable accommodation, to perform the essential functions of his job.

84. The ADA imposes on employers an absolute duty to determine whether or not they can accommodate an employee's disability. Absent that consideration, the law has been violated.

85. Moreover, after engaging in the required interactive process, the employer can only deny a request: 1) if it imposes an undue hardship; or 2) if the employee cannot perform the essential functions of the job with or without the accommodation. Swope has not demonstrated nor made an effort to prove that either of these is reasons is why they chose to terminate Mr. Wright's employment.

86. The ADA does not permit an employer to refuse to consider an employee's disability or to provide an accommodation for such simply because the employee performs the essential functions of the job at issue without an accommodation.

87. Defendants discriminated against Mr. Wright because of his disability.

88. As a result of the unlawful acts and conduct of Defendants, as described in part herein, Plaintiff has suffered pecuniary and non-pecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees, (the exact amount of which will be determined at trial).

WHEREFORE, Plaintiff prays for the Court to find that Respondent has violated 42 U.S.C. 12101 et seq. and therefore, Plaintiff is entitled to recovery for pecuniary and nonpecuniary damages, including lost wages and benefits, out of pocket expenses, interest, mental and emotional distress, and reasonable attorney's fees; and that this Court makes such other orders as it may deem just and proper in the circumstances.

## JURY DEMAND

Plaintiff, Mr. Wright requests a trial by jury on issues triable by jury.

**RESPECTFULLY SUBMITTED,**

**/s/Gerald Gray II**
Gerald Gray II, #26749
**G. GRAY LAW, LLC**
104 W. 9TH STREET, SUITE 401
KANSAS CITY, MO 64105
(O) 816-888-3145
(F) 816-817-4683
ggraylaw@outlook.com

**ATTORNEY FOR PLAINTIFF**